UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BALAJI HOSPITALITY GROUP, LLC,

    Plaintiff,

v.     CAUSE NO. 3:18-CV-00816-DRL

THE TRAVELERS INDEMNITY
COMPANY OF AMERICA,

    Defendant.

OPINION & ORDER

When Balaji Hospitality Group, LLC filed an insurance claim with Travelers Indemnity Company of America seeking payment for water damage to its property from allegedly frozen pipes, Travelers denied the claim. Balaji filed suit asserting two claims: breach of contract and breach of the duty to act in good faith. Travelers has now sought summary judgment on both claims and moved to strike Balaji's affidavit in opposition. The court grants both motions.

BACKGROUND

Balaji is an Indiana company engaged in the hotel business. ECF 2 ¶ 1. Travelers issued an insurance policy to Balaji for its hotel property located at 2754 Lincolnway East, Mishawaka, Indiana. ECF 20-2 at 2. On January 18, 2016, the insured premises sustained a loss allegedly caused by bursting frozen pipes and water damage. ECF 2 ¶ 4. Three days later, Balaji notified Travelers of the claimed property damage, and Travelers responded reserving its rights to contest the claimed damages under the policy. ECF 20-3. Specifically, Travelers cited the following provisions of the policy:

> **5. Limitations**
>
> d. We will not pay for any loss or damage caused by any of the following, even if they are Covered Causes of Loss, if the building where loss or damage occurs has been "vacant" for more than 60 consecutive days before that loss or damage occurs: . . .

> (1) Vandalism;
> (2) Sprinkler Leakage, unless you have protected the system against freezing;
> (3) Building glass breakage;
> (4) Discharge or leakage of water;
> (5) "Theft"; or
> (6) Attempted "theft". . .
>
> * * *
>
> **B. EXCLUSIONS**
> 1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded . . .
>> g. Water, other liquids, powder or molten material that leaks or flows from plumbing, heating, air, conditioning or other equipment (except fire protection systems) caused by or resulting from freezing, unless:
>>> (1) You do your best to maintain heat in the building or structure; or
>>> (2) You drain the equipment and shut off the water supply if the heat is not maintained.

ECF 20-3.

Several days after Travelers reserved its right to contest the damages under the policy, Travelers sent an inspector, Noah Monhemius, to Balaji's property to determine the cause of the reported pipe bursts and associated damages. ECF 20-16. Mr. Monhemius concluded that the damages to the pipes and subsequent water damage was likely the result of freeze and thaw bursts within various vacant rooms in the property. *Id.* Furthermore, he believed the pipes likely burst because of the apparent lack of heat maintained within those rooms. *Id.*

From April to October 2016, Travelers attempted to obtain the following from Balaji: (1) an examination under oath; (2) sworn proof of loss; and (3) records of the property from the three months prior to the damage. ECF 20-4 to 20-12. Travelers referred Balaji to the specific provisions of the policy related to Balaji's "Duties in the Event of Loss or Damage," which state: "(a) You must see that the following are done in the event of loss or damage: (7) Send us a signed, sworn proof of loss containing the information we request . . . " and Travelers retains the right to "examine any

2

insured under oath." ECF 20-2 at 14; ECF 20-14 at 2. According to Balaji, it would not provide the sworn proof of loss and submit to an examination under oath until it received from Travelers its estimate of damages (ECF 21), though Balaji admitted to receiving Travelers' estimate of damages on June 16, 2016 (ECF 20-13).

On August 11, 2016, Travelers advised Balaji that if it did not provide the requested documentation and new dates for an examination under oath by August 19, 2016 then "[f]ailure to comply [would] result in [its] claim being denied for lack of compliance with the [p]olicy terms." ECF 20-14 at 3. Travelers waited until October 5, 2016 then denied Balaji's insurance claim for lack of compliance with the terms of the policy (to submit to an examination under oath and provide Travelers with a sworn proof of loss) and because the water damage was excluded under the policy (since the pipes froze due to lack of maintenance). ECF 20-15.

Balaji filed this action on January 17, 2018 in state court (ECF 2), and Travelers removed it to this court on October 4, 2018 (ECF 1). Balaji alleges that Travelers breached its contract of insurance and duty of good faith in denying its insurance claim. ECF 2. Travelers filed a motion for summary judgment (ECF 18) on both of Balaji's claims. After receiving Balaji's response to Travelers' motion for summary judgment, Travelers filed a motion seeking to strike Victor Patel's affidavit attached to Balaji's response. ECF 23.

STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). The court must deny a summary judgment motion when there is admissible evidence that creates a genuine issue of material fact—a triable issue. *Luster v. Ill. Dept. of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011).

The court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* The court must construe all facts in the light most favorable to the non-moving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491-92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

DISCUSSION

The court's local rules set forth the moving and non-moving parties' obligations in preparing summary judgment motions and responses. Specifically, a non-moving party must file and serve a response brief and any materials that the party contends raise a triable dispute. N.D. Ind. L.R. 56-1(b)(1). These materials must include "a section labeled 'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary." *Id.* 56-1(b)(2).

In this case, Travelers filed a summary judgment motion and affixed over a dozen exhibits to its motion, including letters between the parties, emails, and an affidavit. In response, Balaji filed a two-and-a-half-page brief citing only one piece of evidence, Victor Patel's affidavit, which Travelers then moved to strike.

Balaji's "Statement of Genuine Disputes" actually includes two statements of the legal issues in the case, but no specific facts that give rise to those disputes and no citation to any evidence. These two statements do not satisfy Local Rule 56-1(b)(2). Without a proffer of triable factual disputes in accordance with local rule, the court will not scour the record to find one. *See Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1017 (7th Cir. 2016) ("How strictly to apply a local rule . . . is left to the district court's sound discretion."); *see Waldridge*, 24 F.3d at 923-24 (factual statements as required by

4

L.R. 56-1 are "in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own"). "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). If there are no disputed facts requiring a trial, then summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-24 (1986).

Balaji has not met its burden of showing that there is a genuine issue as to any material fact, and summary judgment is warranted for Travelers on both of Balaji's claims. The only evidence that Balaji presents in response to summary judgment is an affidavit from Victor Patel, a principal and representative of Balaji. *See* ECF 21-1. The statements contained in the affidavit are problematic for several reasons and must be stricken.

First, Mr. Patel claims that Balaji did not receive Travelers' estimate of damages: "Balaji requested a copy of Travelers' estimate of damages ("Travelers Estimate") but Travelers refused to provide it." ECF 21-1 ¶ 7. Yet, in its response to Travelers' request for admissions, Balaji admitted that "on June 16, 2016 Travelers wrote to confirm June 28, 2016 for the EUO and also provide the Travelers Estimate." ECF 20-13 at 2. Federal Rule of Civil Procedure 36(b) states that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." No motion has been made by Balaji. To the contrary, in responding to Travelers' motion to strike, Balaji conceded that its statement is contradictory. ECF 24. This statement is accordingly stricken from Mr. Patel's affidavit. *See* Fed. R. Civ. P. 36(b); *cf. Babrocky v. Jewel Food Co.*, 773 F.2d 857, 861 (7th Cir. 1985).

Second, Mr. Patel offers several legal conclusions in his affidavit. Motions to strike are generally disfavored but may be used to expedite a case by "remov[ing] unnecessary clutter," *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989), or otherwise disposing of inadmissible material from summary judgment analysis, Fed. R. Civ. P. 56(c)(2). Generally, "lay

5

testimony offering a legal conclusion is inadmissible because it is not helpful to the jury, as required by [Federal Rule of Evidence] 701(b)." *United States v. Noel*, 581 F.3d 490, 496 (7th Cir. 2009).

In this case, Mr. Patel states in his affidavit that: (1) "The loss is covered under the subject policy," (2) "Travelers has acted in bad faith," and (3) Travelers' actions are "a breach of the insurance policy and Travelers' duty of good faith." ECF 21-1. Mr. Patel's statements in paragraphs 4, 5, 6, 9, 10, 11, *see* ECF 23 at 2, must be stricken because they offer unhelpful blanket conclusions about the legal issues in this case.

There being no factual issues presented as a matter of local procedure or federal substance, summary judgment must be entered for Travelers on both claims. Balaji's breach of contract claim fails because Balaji does not address Travelers' contention that the policy excluded coverage for damages that result from pipes that freeze due to lack of maintenance. This court can only assume that Balaji concedes this argument; and this alone would be enough for the court to grant summary judgment on the breach of contract claim. *See Palmer v. Marion Cty.*, 327 F.3d 588, 597-98 (7th Cir. 2003) ("arguments not presented to the district court in response to summary judgment motions are waived"); *Berry v. Delta Airlines,* 260 F.3d 803, 810 (7th Cir. 2001). The language of the policy made that concession under the circumstances of this case inescapable.

Balaji's breach of contract claim also fails because an insured's refusal to provide an examination under oath or proof of loss once demanded acts as a forfeiture of any rights under an insurance policy. *Morris v. Econ. Fire & Cas. Co.,* 848 N.E.2d 663, 667 (Ind. 2006); *Knowledge A-Z, Inc. v. Sentry Ins.,* 857 N.E.2d 411, 420 (Ind. App. 2006) ("these provisions were not 'cooperation clauses,' which require the insured to assist the insurer in investigating and defending a claim . . . [r]ather, the provision is an entirely separate condition that explicitly requires the policyholder to perform specific duties"). Balaji's policy explicitly stated its "Duties in the Event of Loss or Damage," which included "Send[ing] [Travelers] a signed, sworn proof of loss containing the information [Travelers] request[s]."

ECF 20-2 at 14. Furthermore, under Balaji's duties in the event of loss, Travelers explicitly maintained the ability to "examine any insured under oath." *Id.* Despite these duties, Balaji failed to provide Travelers a sworn proof of loss and submit to an examination under oath. This is not disputed, and even conceded in Balaji's response to summary judgment: "Balaji declined to submit to an EUO and to complete its Proof of Loss." ECF 21 at 1. Accordingly, summary judgment should be awarded to Travelers on Balaji's breach of contract claim.

Next, Balaji alleges that Travelers handled Balaji's insurance claim in bad faith but provides no evidence to support its position. Under Indiana law, an insurer may be liable for discharging its contractual obligations in bad faith for (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim. *Erie Ins. Co. v. Hickman by Smith,* 622 N.E.2d 515, 519-20 (Ind. 1993). Even if an insurance claim is erroneously denied, a good faith dispute "about the amount of a valid claim or about whether the insured has a valid claim" does not amount to bad faith. *Id.* The plaintiff must establish with clear and convincing evidence that the insurer had knowledge that there was no legitimate basis for denying liability. *Monroe Guar. Ins. Co. v. Magwerks Corp.,* 829 N.E.2d 968, 975-76 (Ind. 2005). And most important, the conduct giving rise to the alleged bad faith cannot solely be a claim denial. *Allstate,* 885 N.E.2d at 732.

Balaji has presented no evidence of bad faith; on the other hand, Travelers has argued several legitimate grounds for denying Balaji's claim for coverage. Because a claim denial alone does not equate to bad faith, summary judgment is warranted for Travelers on this claim.

## CONCLUSION

Balaji has failed to establish a genuine issue of material fact on either of its two claims. Travelers properly denied Balaji coverage under the insurance policy and did not act in bad faith. Thus, the court GRANTS Travelers' motion for summary judgment (ECF 18) and GRANTS Travelers'

motion to strike (ECF 23) exhibit 1 of Balaji's response to summary judgment (ECF 21). With no claims pending, this order terminates the case.

SO ORDERED.

February 20, 2020                               *s/ Damon R. Leichty*
                                                Judge, United States District Court